JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
E-mail: jboyle@nevadafirm.com
JESSICA J. LUJAN, ESQ.
Nevada Bar No. 14913
HOLLEY DRIGGS LTD.
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308

*Attorneys for Defendant and*
  *Counterclaimant Hernan Gonzalez*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IVETTE ARAUJO PRADA, an individual and resident of the State of Florida, | CASE NO.:    2:22-cv-00502-APG-NJK |
| Plaintiff, | **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT; AND COUNTERCLAIMS** |
| v. | |
| HERNAN GONZALEZ, an individual and resident of the State of California; DOES I – X; and ROE BUSINESS ENTITIES I-X, | |
| Defendants. | |
| HERNAN GONZALEZ, an individual and resident of the State of California, | |
| Counterclaimant, | |
| v. | |
| IVETTE ARAUJO PRADA, an individual and resident of the State of Florida, | |
| Counter-Defendant. | |

Defendant Hernan Gonzalez ("Defendant" or "Counterclaimant"), by and through his undersigned counsel, hereby responds to the Complaint filed by Plaintiff Ivette Araujo Prada ("Plaintiff" or "Prada") as follows:

### ANSWER TO COMPLAINT

### PARTIES

1.       Answering Paragraph 1, Defendant admits the allegations set forth therein.

2.      Answering Paragraph 2, Defendant admits the allegations set forth therein.

3.      Answering Paragraph 3, Defendant states that the assertion set forth therein is not a factual assertion to which a responsive pleading is required.

4.      Answering Paragraph 4, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

### JURISDICTION AND VENUE

5.      Answering Paragraph 5, Defendant denies the allegations set forth therein.

6.      Answering Paragraph 6, Defendant denies the allegations set forth therein.

### GENERAL ALLEGATIONS

7.      Answering Paragraph 7, Defendant admits the allegations set forth therein.

8.      Answering Paragraph 8, Defendant admits that he and Prada had an intimate relationship. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 8, and therefore denies the same.

9.      Answering Paragraph 9, Defendant denies the allegations set forth therein.

10.     Answering Paragraph 10, Defendant admits that he and Prada discussed the possibility of purchasing investment properties together. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 10, and therefore denies the same.

11.     Answering Paragraph 11, Defendant denies the allegations set forth therein.

12.     Answering Paragraph 12, Defendant denies the allegations set forth therein.

13.     Answering Paragraph 13, Defendant denies the allegations set forth therein.

14.     Answering Paragraph 14, Defendant denies the existence of any of the alleged "terms" as this paragraph attempts to incorporate. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 14, and therefore denies the same.

15.     Answering Paragraph 15, Defendant admits that a property commonly known as 909 Cashman Drive, Las Vegas, Nevada 89107 (the "Cashman Property") was identified in or

around July 2018. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 15, and therefore denies the same.

16.    Answering Paragraph 16, Defendant admits that Defendant and Plaintiff sought to buy the Cashman Property in or about July 2018, but otherwise denies the remainder of Paragraph 16.

17.    Answering Paragraph 17, Defendant denies the allegations set forth therein.

18.    Answering Paragraph 18, Defendant denies the allegations set forth therein.

19.    Answering Paragraph 19, Defendant denies the allegations set forth therein.

20.    Answering Paragraph 20, Defendant denies the allegations set forth therein.

21.    Answering Paragraph 21, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

22.    Answering Paragraph 22, Defendant denies the allegations set forth therein.

23.    Answering Paragraph 23, Defendant denies the allegations set forth therein.

24.    Answering Paragraph 24, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

25.    Answering Paragraph 25, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

26.    Answering Paragraph 26, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 26 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

27.    Answering Paragraph 27, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 27 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

28.    Answering Paragraph 28, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 28 asserts any factual

contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

29.     Answering Paragraph 29, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 29 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

30.     Answering Paragraph 30, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

31.     Answering Paragraph 31, Defendant admits that a closing for the purchase of the Cashman Property occurred on or about September 13, 2018. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 31, and therefore denies the same.

32.     Answering Paragraph 32, Defendant denies the allegations set forth therein.

33.     Answering Paragraph 33, Defendant denies the allegations set forth therein.

34.     Answering Paragraph 34, Defendant admits that a jointly-held account with Prada was used, in part, to maintain the Cashman Property. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 34, and therefore denies the same.

35.     Answering Paragraph 35, Defendant denies the allegations set forth therein.

36.     Answering Paragraph 36, Defendant admits that a property commonly known as 1990 Catalpa Trail, Las Vegas, Nevada 89108 (the "Catalpa Property") was identified in or around November 2018. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 36, and therefore denies the same.

37.     Answering Paragraph 37, Defendant admits that Defendant and Plaintiff sought to buy the Catalpa Property in or about November 2018, but otherwise denies the remainder of Paragraph 37.

38.     Answering Paragraph 38, Defendant denies the allegations set forth therein.

39.     Answering Paragraph 39, Defendant denies the allegations set forth therein.

14868-01/2730247.docx

40.    Answering Paragraph 40, Defendant denies the allegations set forth therein.

41.    Answering Paragraph 41, Defendant denies the allegations set forth therein.

42.    Answering Paragraph 42, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

43.    Answering Paragraph 43, Defendant denies the allegations set forth therein.

44.    Answering Paragraph 44, Defendant denies the allegations set forth therein.

45.    Answering Paragraph 45, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

46.    Answering Paragraph 46, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

47.    Answering Paragraph 47, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 47 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

48.    Answering Paragraph 48, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 48 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

49.    Answering Paragraph 49, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 49 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

50.    Answering Paragraph 50, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 50 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

51.    Answering Paragraph 51, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

52.    Answering Paragraph 52, Defendant admits that a closing for the purchase of the Catalpa Property occurred on or about February 1, 2019. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 52, and therefore denies the same.

53.    Answering Paragraph 53, Defendant denies the allegations set forth therein.

54.    Answering Paragraph 54, Defendant denies the allegations set forth therein.

55.    Answering Paragraph 55, Defendant admits that a jointly-held account with Prada was used, in part, to maintain the Cashman Property. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 55, and therefore denies the same.

56.    Answering Paragraph 56, Defendant denies the allegations set forth therein.

57.    Answering Paragraph 57, Defendant admits the allegations set forth therein.

58.    Answering Paragraph 58, Defendant admits that a property commonly known as 3494 Summersprings Drive, Las Vegas, Nevada 89129 (the "Summersprings Property") was found in or around June 2018. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 58, and therefore denies the same.

59.    Answering Paragraph 59, Defendant denies the allegations set forth therein.

60.    Answering Paragraph 60, Defendant denies the allegations set forth therein.

61.    Answering Paragraph 61, Defendant admits that a property commonly known as 301 Francisco St., Henderson, Nevada 89014 (the "Francisco Property") was located in or around 2019. Defendant is without sufficient information to know the truth or falsity of the remaining allegations of Paragraph 61, and therefore denies the same.

62.    Answering Paragraph 62, Defendant denies the allegations set forth therein.

63.    Answering Paragraph 63, Defendant denies the allegations set forth therein.

64.    Answering Paragraph 64, Defendant denies the allegations set forth therein.

65.    Answering Paragraph 65, Defendant denies the allegations set forth therein.

14868-01/2730247.docx

66.     Answering Paragraph 66, Defendant admits that his personal relationship with Prada ended in or about late 2021. Defendant denies the remaining allegations made in Paragraph 66.

67.     Answering Paragraph 67, Defendant denies the allegations set forth therein.

68.     Answering Paragraph 68, Defendant denies the allegations set forth therein.

69.     Answering Paragraph 69, Defendant denies the allegations set forth therein.

70.     Answering Paragraph 70, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 70 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

71.     Answering Paragraph 71, Defendant denies the allegations set forth therein.

72.     Answering Paragraph 72, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 72 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

73.     Answering Paragraph 73, Defendant denies the allegations set forth therein.

74.     Answering Paragraph 74, Defendant denies the allegations set forth therein.

75.     Answering Paragraph 75, Defendant admits that Prada sent a demand letter to him. Defendant denies that Prada laid a proper foundation for the use of the Demand Letter or the relevance of the Demand Letter. Prada's reference to specific terms and conditions of the Demand Letter, and Prada's attempts to interpret or paraphrase portions of the Demand Letter, without context and without construing the remainder of the Demand Letter, constitute conclusions of law to which Defendant is not obligated to respond. Under all circumstances, Defendant denies the legal effect that Prada attributes to the Demand Letter, and further asserts that Prada's attempted use of the Demand Letter violates Fed. R. Evid. 408.

76.     Answering Paragraph 76, Defendant denies that Prada laid a proper foundation for the use of the Demand Letter or the relevance of the Demand Letter. Prada's reference to specific terms and conditions of the Demand Letter, and Prada's attempts to interpret or paraphrase portions

of the Demand Letter, without context and without construing the remainder of the Demand Letter, constitute conclusions of law to which Defendant is not obligated to respond. Under all circumstances, Defendant denies the legal effect that Prada attributes to the Demand Letter, and further asserts that Prada's attempted use of the Demand Letter violates Fed. R. Evid. 408.

77.    Answering Paragraph 77, Defendant denies that Prada laid a proper foundation for the use of the Demand Letter or the relevance of the Demand Letter. Prada's reference to specific terms and conditions of the Demand Letter, and Prada's attempts to interpret or paraphrase portions of the Demand Letter, without context and without construing the remainder of the Demand Letter, constitute conclusions of law to which Defendant is not obligated to respond. Under all circumstances, Defendant denies the legal effect that Prada attributes to the Demand Letter, and further asserts that Prada's attempted use of the Demand Letter violates Fed. R. Evid. 408.

78.    Answering Paragraph 78, Defendant admits the allegations set forth therein.

**CLAIMS FOR RELIEF**

**<u>FIRST CLAIM FOR RELIEF</u>**

**(Fraudulent Misrepresentation/Fraudulent Concealment – the Cashman Property)**

79.    Defendant hereby realleges Paragraphs 1 through 78 of his Answer as if fully set forth herein.

80.    Answering Paragraph 80, Defendant denies the allegations set forth therein.

81.    Answering Paragraph 81, Defendant denies the allegations set forth therein.

82.    Answering Paragraph 82, Defendant denies the allegations set forth therein.

83.    Answering Paragraph 83, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

84.    Answering Paragraph 84, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

85.    Answering Paragraph 85, Defendant denies the allegations set forth therein.

86.    Answering Paragraph 86, Defendant denies the allegations set forth therein.

87.    Answering Paragraph 87, Defendant denies the allegations set forth therein.

///

**SECOND CLAIM FOR RELIEF**

**(Fraudulent Misrepresentation/Fraudulent Concealment – the Catalpa Property)**

88.     Defendant hereby realleges Paragraphs 1 through 87 of his Answer as if fully set forth herein.

89.     Answering Paragraph 89, Defendant denies the allegations set forth therein.

90.     Answering Paragraph 90, Defendant denies the allegations set forth therein.

91.     Answering Paragraph 91, Defendant denies the allegations set forth therein.

92.     Answering Paragraph 92, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

93.     Answering Paragraph 93, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

94.     Answering Paragraph 94, Defendant denies the allegations set forth therein.

95.     Answering Paragraph 95, Defendant denies the allegations set forth therein.

96.     Answering Paragraph 96, Defendant denies the allegations set forth therein.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Relief)**

97.     Defendant hereby realleges Paragraphs 1 through 96 of his Answer as if fully set forth herein.

98.     Answering Paragraph 98, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required, and further asserts that the referenced statute speaks for itself. To the extent that Paragraph 98 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

99.     Answering Paragraph 99, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 99 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

100.    Answering Paragraph 100, Defendant denies the allegations set forth therein.

101.    Answering Paragraph 101, Defendant denies the allegations set forth therein.

102.    Answering Paragraph 102, Defendant denies the allegations set forth therein.

### FOURTH CLAIM FOR RELIEF

### (Partition – Cashman Property)

103.    Defendant hereby realleges Paragraphs 1 through 102 of his Answer as if fully set forth herein.

104.    Answering Paragraph 104, Defendant denies the allegations set forth therein.

105.    Answering Paragraph 105, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

106.    Answering Paragraph 106, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 106 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

107.    Answering Paragraph 107, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

108.    Answering Paragraph 108, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

109.    Answering Paragraph 109, Defendant denies the allegations set forth therein.

### FIFTH CLAIM FOR RELIEF

### (Partition – Catalpa Property)

110.    Defendant hereby realleges Paragraphs 1 through 109 of his Answer as if fully set forth herein.

111.    Answering Paragraph 110, Defendant denies the allegations set forth therein.

112.    Answering Paragraph 111, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

113.    Answering Paragraph 113, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 113 asserts any factual

contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

114.    Answering Paragraph 114, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

115.    Answering Paragraph 115, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

116.    Answering Paragraph 116, Defendant denies the allegations set forth therein.

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment)

117.    Defendant hereby realleges Paragraphs 1 through 116 of his Answer as if fully set forth herein.

118.    Answering Paragraph 118, Defendant denies the allegations set forth therein.

119.    Answering Paragraph 119, Defendant denies the allegations set forth therein.

120.    Answering Paragraph 120, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

121.    Answering Paragraph 121, Defendant denies the allegations set forth therein.

122.    Answering Paragraph 122, Defendant denies the allegations set forth therein.

123.    Answering Paragraph 123, Defendant denies the allegations set forth therein.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Contract – Cashman Agreement) (In the Alternative)

124.    Defendant hereby realleges Paragraphs 1 through 123 of his Answer as if fully set forth herein.

125.    Answering Paragraph 125, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 125 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

126.    Answering Paragraph 126, Defendant denies the allegations set forth therein.

127.    Answering Paragraph 127, Defendant denies the allegations set forth therein.

128.    Answering Paragraph 128, Defendant denies the allegations set forth therein.

129.    Answering Paragraph 129, Defendant denies the allegations set forth therein.

130.    Answering Paragraph 130, Defendant denies the allegations set forth therein.

### EIGHTH CLAIM FOR RELIEF

### (Breach of Contract – Catalpa Agreement) (In the Alternative)

131.    Defendant hereby realleges Paragraphs 1 through 130 of his Answer as if fully set forth herein.

132.    Answering Paragraph 132, Defendant asserts that this paragraph sets forth a legal contention to which an answer is not required. To the extent that Paragraph 132 asserts any factual contentions, Defendant states that he lacks knowledge or information sufficient to form a belief as to the truth of any such allegations contained therein, and therefore denies the same.

133.    Answering Paragraph 133, Defendant denies the allegations set forth therein.

134.    Answering Paragraph 134, Defendant denies the allegations set forth therein.

135.    Answering Paragraph 135, Defendant denies the allegations set forth therein.

136.    Answering Paragraph 136, Defendant denies the allegations set forth therein.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof or persuasion that would otherwise remain with Plaintiff. Each defense is asserted to all claims against Defendant. Nothing stated herein should be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations. As separate and affirmative defenses, Defendant hereby alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of acquiescence.

///

///

///

14868-01/2730247.docx

1

### THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes and upon such information and belief alleges, that by reason of Plaintiff's own conduct and actions, Plaintiff is barred from obtaining the relief sought in Plaintiff's Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, release, or waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from obtaining any relief from any claim by operation of the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff materially breached or failed to perform the agreement(s) alleged in the Complaint and she is therefore not entitled to any relief thereunder.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred on the grounds that Defendant has a valid justification for any alleged nonperformance of any alleged agreement.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of mutual mistake, unilateral mistake, impossibility, or impracticability.

### TENTH AFFIRMATIVE DEFENSE

Defendant is not legally responsible for the acts and/or omissions of those Defendant named herein as DOES or ROE BUSINESS ENTITIES.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that the Plaintiff has suffered no damage and is not entitled to the relief sought.

///

///

14868-01/2730247.docx

## TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has not alleged any actions or conduct on the part of Defendant that warrants or substantiates the issuance of declaratory relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff may not seek equitable relief since she has an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that he acted in good faith at all times relevant to this action, acted in conformity with applicable laws, regulations, and contractual obligations, and acted in compliance with his legal obligations to Plaintiff..

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims against Defendant are barred because the allegations of the Complaint are frivolous, factually baseless, and are brought for the purposes of economic coercion.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in this action are barred, even if Plaintiff's allegations are true, which Defendant denies, by the doctrine of in pari delicto.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, even if Plaintiff's allegations are true, which Defendant denies, because Defendant has acted in compliance with his contractual obligations and duties to Plaintiff in all of his alleged conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged any claims for which an award of attorneys' fees and/or costs is allowable or permissible.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate, obviate, diminish, or otherwise act to lessen or reduce her alleged damages, and Plaintiff's claims are otherwise barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because (1) Defendant believed that when any of the statements alleged in the Complaint were made, if any, such statements were true and complete and/or unlikely to mislead; (2) at all the times alleged in the Complaint, Defendant acted in good faith and without intent or knowledge of any alleged wrongdoing; and (3) any alleged misrepresentations or omissions by Defendant, if any, were immaterial as a matter of law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not make any untrue statements, misrepresentations, or material omissions that were likely to mislead Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff are barred, in whole or in part, because Plaintiff did not rely upon any alleged misstatements, misrepresentations, or omissions by Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she engaged in unlawful, inequitable, or improper conduct.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to plead fraud or misrepresentation with the requisite particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the application of spoliation of evidence.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there was no duty on the part of Defendant to disclose any additional information as alleged in the Complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive or exemplary damages, any claims for such damages are barred by the following: Commerce Clause of Article I, Section 8 of the U.S. Constitution; the Contracts Clause of Article I, Section 10 of the U.S. Constitution; the prohibition against ex post

facto laws embodied in Article I, Section 10 of the U.S. Constitution; the Supremacy Clause of Article VI of the U.S. Constitution; the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America; as well as the due process and equal protection provisions contained in the Constitution of the State of Nevada, including, without limitation, bans and caps on the award of punitive or exemplary damages. An award of punitive damages must conform with the law as set forth in *State Farm Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group*, 532 U.S. 424 (2001), and such other and future cases interpreting the laws involving the bases, standards, burdens of proof, and amounts of punitive or exemplary damages under the given set of facts and circumstances. In the unlikely event that the issue of punitive or exemplary damages is properly put before a trier of fact in this action, Defendant is entitled to a unanimous jury verdict as to such a finding of fact and to bifurcation of any such "punishment" phase, and to a jury instruction that mandates a higher burden of proof upon Plaintiff than a mere preponderance of the evidence.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves unto himself all of the defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure and such other defenses, affirmative or otherwise, as may be proven through discovery to be applicable to this action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether he may have additional affirmative defenses available, which are as yet unstated. Defendant respectfully reserves the right to amend his Answer and Affirmative Defenses if investigation, discovery, and further information warrants such amendment, and further to assert any applicable matters of law during the pendency of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1.  That Plaintiff take nothing by way of the Complaint and that this action be dismissed in its entirety with prejudice;

14868-01/2730247.docx

2. For costs incurred in the defense of this action;

3. For reasonable attorney's fees incurred in defense of this action; and

4. For such other relief as the Court may deem just and proper.

## COUNTERCLAIMS

As and for his Counterclaims, Counterclaimant Hernan Gonzalez ("Counterclaimant") hereby alleged as follows against Counter-Defendant Ivette Araujo Prada ("Prada"):

### I.     PARTIES

1.     At all times relevant to this action, Counterclaimant Hernan Gonzalez was and is a resident of the State of California.

2.     Counter-Defendant Ivette Araujo Prada is a resident of the State of Florida.

### II.     JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1), as Counterclaimant and Prada are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.     This Court has personal jurisdiction over Prada by virtue of her consent to jurisdiction in Nevada through the filing of her Complaint in this action, pursuant to NRS § 14.065, and as at times relevant to this action Prada worked and did business in the State of Nevada and acquired interest(s) in various real properties located in the State of Nevada.

### III.     GENERAL ALLEGATIONS

5.     Counterclaimant initially met Prada in or about early 2018, while he was visiting Las Vegas from California.

6.     At the time Counterclaimant met Prada, she represented to Counterclaimant that she was a resident of Florida, that she had expertise and experience in real estate investments and property acquisition, that she held a real estate license from the State of Florida, and that she had acquired certain real estate properties in Nevada. Prada further represented that she specialized in utilizing residential properties to generate profits through short-term leasing of properties via Airbnb, VRBO, and similar property rental mechanisms.

///

7.     Prada approached Counterclaimant about the possibility of engaging in a joint business opportunity to purchase residential properties in the Las Vegas, Nevada area, for the purposes of generating profits through short-term leasing of properties via Airbnb, VRBO, and similar property rental mechanisms.

8.     Over the next several months of 2018, Counterclaimant and Prada engaged in multiple conversations and meetings regarding potential business dealings related to such property acquisitions and leasing.

9.     Insofar as Counterclaimant had an interest in investing in real estate, he ultimately agreed to commence a business relationship with Prada, induced through her salesmanship of the experience, expertise, and specialization Prada purported to possess, for the purposes of acquiring residential properties in the Las Vegas, Nevada area to be utilized to generate profits through short-term leasing of properties via Airbnb, VRBO, and similar property rental mechanisms.

10.     At all times relevant to this action, Prada held or holds a real estate agent license issued in the State of Florida under License No. 3344391, which she obtained in or about December 2015.

11.     At all times relevant to this action, Prada held or holds a real estate agent license issued in the State of Nevada under License No. S.0182968, which she obtained in or about October 2017.

12.     At times relevant to this action, Prada held or holds a real estate agent license issued in the State of California under License No. 02078565, which she obtained in or about December 2018.

13.     In or about July 2018, Counterclaimant and Prada acquired a divided interest in the real property commonly known as 909 Cashman Drive, Las Vegas, Nevada (the "Cashman Property"), consisting in material part as follows:

      a.     A purchase price of Five Hundred Twenty Thousand Dollars and No Cents ($635,000.00);

      b.     Counterclaimant contributed the earnest money deposit of Twelve Thousand Dollars and No Cents ($12,000.00) and a down-payment of One Hundred Fifty-

Six Thousand Nine Hundred Eighty Dollars and Fifty Cents ($156,980.50), all derived from his separate and independent funds, for an aggregate initial investment of One Hundred Sixty-Eight Thousand Nine Hundred Eighty Dollars and Fifty Cents ($168,980.50);

c.  Prada contributed two percent (2%) of the prepaid and closing costs for the acquisition, as a credit investment commensurate to her commission rate as a real estate agent representing buyer, in the total amount of Twelve Thousand Seven Hundred Dollars and No Cents ($12,700.00);

d.  Financing the remainder of the purchase price through a mortgage obtained by Counterclaimant from Flagstar Bank located in Dallas, Texas;

e.  Counterclaimant further contributed ninety-three percent (93%) of excess costs incurred to bridge the total purchase price of the Cashman Property, existent after the respective purchase price contributions made by Counterclaimant and Prada, plus any mortgage loan proceeds; Prada contributed the remaining seven percent (7%) of any such excess costs;

f.  Counterclaimant was obligated to pay ninety-three percent (93%) of operational costs and expenses incurred to operate the Cashman Property; Prada was obligated to pay the remaining seven percent (7%); and

g.  Upon any sale of the Cashman Property, and following the distribution of Counterclaimant's contribution to the property acquisition and required closing expenses and costs, any remaining proceeds were to be distributed ninety-three percent (93%) to Counterclaimant and seven percent (7%) to Prada.

14.    Subsequent to acquisition, Counterclaimant expended an additional sum of approximately Thirty-Six Thousand Dollars and No Cents ($36,000.00) to furnish the Cashman Property, and to pay for necessary and required repairs, maintenance, and operational expenses for the Cashman Property.

15.    The purpose of acquiring the Cashman Property was to utilize the property as a rental investment, with the revenues generated from the property utilized to pay: (a) mortgage

- 19 -

expenses, including tax and/or insurance withholdings; (b) utilities and other service charges associated with the property; (c) permit Counterclaimant and Prada to recoup their respective investments made to acquire the property; (d) make a division of any remaining profits derived from rental incomes at a contractual proportion per agreement made by Counterclaimant and Prada; and (e) make a division of any equity generated from holding title to the property at a contractual proportion per agreement made by Counterclaimant and Prada.

16.    Prior to acquiring the Cashman Property, on or about January 11, 2018, Counterclaimant and Prada executed a Tenancy-In-Common Agreement (the "Cashman TIC Agreement"). The Cashman TIC Agreement defined the terms and conditions of their divisible interest in the Cashman Property. Prada willingly entered into the Cashman TIC Agreement with full knowledge and understanding of its terms and conditions, the accuracy of its representations of the rights and positions of Prada and Counterclaimant, and without undue influence, coercion, surprise or prejudice.

17.    In or about November 2018, Counterclaimant and Prada acquired a divided interest in the real property commonly known as 1990 Catalpa Trail, Las Vegas, Nevada (the "Catalpa Property"), consisting in material part as follows:

    a.    A purchase price of Four Hundred Twenty-Six Thousand Dollars and No Cents ($426,000.00);

    b.    Counterclaimant contributed the earnest money deposit of Fifteen Thousand Dollars and No Cents ($15,000.00) and a down-payment of Ninety-Five Thousand Dollars and No Cents ($95,000.00), all derived from his separate and independent funds, for an aggregate initial investment of One Hundred Ten Thousand Dollars and No Cents ($110,000.00);

    c.    Prada contributed two percent (2%) of the prepaid and closing costs for the acquisition, as a credit investment commensurate to her commission rate as a real estate agent representing buyer, in the total amount of Eight Thousand Five Hundred Twenty Dollars and No Cents ($8,520.00);

d.   Financing the remainder of the purchase price through a mortgage obtained by Counterclaimant from Flagstar Bank located in Dallas, Texas;

e.   Counterclaimant further contributed ninety-three percent (93%) of excess costs incurred to bridge the total purchase price of the Catalpa Property, existent after the respective purchase price contributions made by Counterclaimant and Prada, plus any mortgage loan proceeds; Prada contributed the remaining seven percent (7%) of any such excess costs;

f.   Counterclaimant was obligated to pay ninety-three percent (93%) of operational costs and expenses incurred to operate the Catalpa Property; Prada was obligated to pay the remaining seven percent (7%); and

g.   Upon any sale of the Catalpa Property, and following the distribution of Counterclaimant's contribution to the property acquisition and required closing expenses and costs, any remaining proceeds were to be distributed ninety-three percent (93%) to Counterclaimant and seven percent (7%) to Prada.

18.   Subsequent to acquisition, Counterclaimant expended an additional sum of approximately Thirty-Seven Thousand Dollars and No Cents ($37,000.00) to furnish the Catalpa Property, and pay for necessary and required repairs, maintenance, and operational expenses for the Catalpa Property.

19.   The purpose of acquiring the Catalpa Property was to utilize the property as a rental investment, with the revenues generated from the property utilized to pay: (a) mortgage expenses, including tax and/or insurance withholdings; (b) utilities and other service charges associated with the property; (c) permit Counterclaimant and Prada to recoup their respective investments made to acquire the property; (d) make a division of any remaining profits derived from rental incomes at a contractual proportion per agreement made by Counterclaimant and Prada; and (e) make a division of any equity generated from holding title to the property at a contractual proportion per agreement made by Counterclaimant and Prada.

20.   On or about January 30, 2019, Counterclaimant and Prada executed a Tenancy-In-Common Agreement reflecting their divisible interest in the Catalpa Property (the "Catalpa TIC

Agreement", and together with the Cashman TIC Agreement, the "TIC Agreements"). The Catalpa TIC Agreement defined the terms and conditions of their divisible interest in the Catalpa Property. Prada willingly entered into the Catalpa TIC Agreement with full knowledge and understanding of its terms and conditions, the accuracy of its representations of the rights and positions of Prada and Counterclaimant, and without undue influence, coercion, surprise or prejudice.

21.     Prada acted on behalf of the buyer for each of the property acquisitions that Counterclaimant divisibly made with Prada, or for which Counterclaimant provided the purchase capital, the creditworthiness to obtain necessary financing, and the monies necessary to maintain and operate the properties.

22.     Prada owed statutory duties to Counterclaimant as a real estate agent acting on behalf of Counterclaimant, pursuant to NRS 645.0005 *et seq*.

23.     Prada violated her statutory duties to Counterclaimant as a real estate agent acting on behalf of Counterclaimant by, without limitation: (a) failing to make statutory disclosures to Counterclaimant regarding the scope of her representation; (b) failing to make statutory disclosures of financial interests held by Prada in the transactions; (c) failing to act with the requisite care and skill in the transactions; (d) failing to provide statutorily-mandated form disclosures to Counterclaimant; and (e) failing to make an independent investigation of the financial condition of all parties to the transactions and to accurately and fairly disclose same to Counterclaimant.

24.     Insofar as Prada held multiple real estate licenses from different state regulatory and licensing agencies, stretching multiple years of experience in the real estate business, and insofar as Prada represented to Counterclaimant that she possessed significant experience, expertise, and specialization in acquiring residential properties to be utilized to generate profits through short-term leasing of properties via Airbnb, VRBO, and similar property rental mechanisms, Counterclaimant relied on Prada for the purposes of undertaking the business relationship between the parties.

25.     Prada was at all times relevant hereto a sophisticated, educated, willful and deliberate participant in the business relationship with Counterclaimant as described herein.

///

26.    On or about January 20, 2020, Counterclaimant and Prada obtained a home equity loan secured by the Cashman Property, in the face amount of Forty-Four Thousand Dollars and No Cents ($44,000.00). The purpose of this home equity loan was to provide Counterclaimant with a means to access monies necessary to maintain and operate the Cashman Property, the Catulpa Property, and other properties subject to his business relationship with Prada, without having to utilize his independent funds for such purposes.

27.    Over the period of approximately late-2018 through early-2022, Prada made unauthorized and improper withdrawals of revenues generated from the Cashman Property and the Catulpa Property, without the consent of Counterclaimant, in the approximate amount of Three Hundred Fifty Thousand Dollars and No Cents ($350,000.00), in direct violation of the terms and conditions of the TIC Agreements.

28.    In or about late-2020 timeframe, Counterclaimant loaned Prada the sum of Forty Thousand Dollars and No Cents ($40,000.00) as a short-term loan, which Prada agreed to repay within a one-month timeframe. Prada never repaid this loan to Counterclaimant.

29.    Additionally, in or about June 2020, Counterclaimant and Prada jointly formed Tahari, LLC ("Tahari"), a Nevada limited liability company, for the purposes of managing additional real estate properties located at 343 Palisades Drive, Henderson, Nevada and 2929 Via Florentine Street, Henderson, Nevada (the "Henderson Properties"). Prada utilized Tahari to further her fraudulent and unlawful actions against Counterclaimant.

30.    In mid-2021, Prada relocated to Miami, Florida from Las Vegas, Nevada and/or Los Angeles, California, and ceased engaging in any business activities with Counterclaimant, including, without limitation, as required by the TIC Agreements. Instead, Prada spent her time traveling the world and making demands that Counterclaimant continue to provide her with cash and finances.

31.    In or about August 2021, Prada asserted that she had "bad credit" such that the two Henderson Properties held by Tahari could not be refinanced using her as an applicant. Prada instead demanded that Counterclaimant utilize his credit to obtain said refinancing, which he did to a total liability of Eight Hundred Thousand Dollars and No Cents ($800,000.00).

32.    Unbeknownst to Counterclaimant, in or about this same August 2021 timeframe, Prada utilized her own credit, along with funds borrowed from Counterclaimant, to purchase a property located at 321 Brookshire Street, Henderson, Nevada (the "Brookshire Property", and together with the Henderson Properties, the "Disputed Properties"). Prada did not provide Counterclaimant with any interest in and to the Brookshire Property.

33.    On or about September 20, 2021, Prada wrongfully withdrew the sum of Nine Thousand Dollars and No Cents ($9,000.00) from a joint bank account utilized to service the Cashman Property and the Catalpa Property, without the prior authorization of Counterclaimant (as required by the TIC Agreements) for the purported purpose of leasing an apartment in Miami, Florida. Prada has not repaid this wrongful withdrawal to Counterclaimant or to the joint account.

34.    In or about December 2021, Prada unilaterally refinanced one of the Henderson Properties, and absconded with the sum of Fifth-Two Thousand Three Hundred Dollars and No Cents ($52,300.00) from the refinance proceeds. Additionally, Prada demanded that Counterclaimant advance her the sum of Seven Thousand One Hundred Ninety Dollars and No Cents ($7,190.00) for the purposes of refinancing one of the Henderson Properties, which sum Prada has not repaid to Counterclaimant.

35.    Beginning in or about December 2021 and continuing for multiple weeks thereafter, Prada made unauthorized and unlawful accesses to Counterclaimant's Airbnb account, during which time Prada improperly withdrew the approximate sum of Fifteen Thousand Dollars and No Cents ($15,000.00).

36.    During the 2022 timeframe, Prada has contacted the tenant of the Cashman Property, improperly demanding that this tenant make rental or lease payments directly to Prada and threatening to pursue eviction proceedings against this tenant absent said direct payments to Prada. This action by Prada was made in direct contravention of the terms of the Cashman TIC Agreement.

37.    The business relationship of Counterclaimant and Prada as described herein constitutes a tenancy-in-common pursuant to the TIC Agreements, or in the alternative a general partnership, joint venture, or other similar divisible business relationship.

# IV.   COUNTERCLAIMS

## FIRST COUNTERCLAIM FOR RELIEF

### (Breach of Contract)

38.   Counterclaimant repeats, realleges, and incorporates by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

39.   Counterclaimant and Prada entered into a valid and existing series of agreements to acquire, manage, develop, and profit from the Disputed Properties, including, without limitation, each of the TIC Agreements.

40.   Counterclaimant and Prada had a clear meeting of the minds with regard to the terms and expectations of their various business agreement(s).

41.   Prada breached one or more of these agreements by failing to meet and comply with her obligations, duties, responsibilities, and liabilities under said agreement(s).

42.   As a direct and proximate result of the conduct of Prada, Counterclaimant has suffered, and continues to suffer, damages in an amount to be proven at trial due to Prada's breach of her obligations, duties, responsibilities, and liabilities under said agreement(s).

43.   Counterclaimant has, by reason of the foregoing, been required to utilize the services of an attorney and he is entitled to recover his reasonable attorney's fees and costs from Prada pursuant to the TIC Agreements and other operation of law.

## SECOND COUNTERCLAIM FOR RELIEF

### (Breach of the Covenant of Good Faith and Fair Dealing)

44.   Counterclaimant repeats, realleges, and incorporates by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

45.   Under Nevada law, Prada was imposed with an implied covenant of good faith and fair dealing in her performance of the agreement(s) had with Counterclaimant.

46.   Prada's breaches of said agreement(s), as alleged herein, constitute breaches of the implied covenant of good faith and fair dealing imposed under Nevada law.

47.   Prada's violations of the implied covenant of good faith and fair dealing as alleged herein has caused Counterclaimant to retain an attorney and to prosecute and defend this action,

and Counterclaimant is therefore entitled to recover his reasonable attorneys' fees and costs expended herein as special damages.

### THIRD COUNTERCLAIM FOR RELIEF

### (Unjust Enrichment)

48.    Counterclaimant repeats, realleges, and incorporates by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

49.    Counterclaimant has ownership interests in and to one or more of the Disputed Properties as alleged herein.

50.    Counterclaimant further owns rights, title and interest in and to monies, incomes and/or revenues obtained, received, and/or retained by Prada related to one or more of the Disputed Properties.

51.    Prada does not have unfettered right, title, or interest in and to the Disputed Properties, or to monies, incomes and/or revenues obtained, received, and/or retained by Prada related to the Disputed Properties.

52.    Prada's continued possession and use of one or more of the Disputed Properties, and/or to monies, incomes and/or revenues obtained, received, and/or retained by Prada related to one or more of the Disputed Properties, is non-permissive and without authorization.

53.    Prada's continued possession and use of one or more of the Disputed Properties, and/or to monies, incomes and/or revenues obtained, received, and/or retained by Prada related to one or more of the Disputed Properties, was and continues to be in furtherance of Prada's own economic gain.

54.    Prada has accepted and retained benefits from her unauthorized possession and use of one or more of the Disputed Properties, and/or to monies, incomes and/or revenues obtained, received, and/or retained by Prada related to one or more of the Disputed Properties, as identified herein.

55.    Counterclaimant is entitled to recover the amount by which Prada has been unjustly enriched through her unauthorized and wrongful actions as alleged herein, in an amount to be proven at trial.

## FOURTH COUNTERCLAIM FOR RELIEF

### (Conversion)

56.     Counterclaimant repeats, realleges, and incorporates by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

57.     Counterclaimant owns rights, title and interest in and to the Disputed Properties, and in and to monies, incomes and/or revenues obtained, received, and/or retained by Prada related to the Disputed Properties.

58.     Prada does not have unfettered right, title, or interest in and to the Disputed Properties, or to monies, incomes and/or revenues obtained, received, and/or retained by Prada related to the Disputed Properties.

59.     Prada has and continues to wrongfully convert one or more of the Disputed Properties, or to monies, incomes and/or revenues obtained, received, and/or retained by Prada related to one or more of the Disputed Properties.

60.     Counterclaimant is entitled to recover the amounts by which Prada has wrongfully converted one or more of the Disputed Properties, or to monies, incomes and/or revenues obtained, received, and/or retained by Prada related to one or more of the Disputed Properties, in an amount to be proven at trial.

## FIFTH COUNTERCLAIM FOR RELIEF

### (Breach of Fiduciary Duties)

61.     Counterclaimant repeats, realleges, and incorporates by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

62.     At all times relevant hereto, Prada owed fiduciary duties to Counterclaimant, and the duties of honesty, care and loyalty to Counterclaimant, based on the business relationship between Prada and Counterclaimant.

63.     Prada's intentional, willful and wrongful misconduct and fraudulent acts as alleged herein constitute a breach of her fiduciary duties to Counterclaimant, and of the duties of honesty, care and loyalty to Counterclaimant.

64.     Prada's actions as alleged herein have wrongfully interfered with business expectancies of Counterclaimant.

65.     Prada's breaches of her fiduciary duties to Counterclaimant, and her duties of honesty, care and loyalty to Counterclaimant, as alleged herein, have damaged Counterclaimant in an amount to be proven at trial.

66.     As a direct and proximate result of Prada's breaches of her fiduciary duties to Counterclaimant, and her duties of honesty, care and loyalty to Counterclaimant, as alleged herein, Counterclaimant has had to retain an attorney, and Counterclaimant is therefore entitled to recover his reasonable attorneys' fees and costs expended in prosecuting and defending this action.

## SIXTH COUNTERCLAIM FOR RELIEF

### (Fraudulent Misrepresentation)

67.     Counterclaimant repeats, realleges, and incorporates by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

68.     The conduct of Prada as alleged herein constitutes fraudulent misrepresentation as to the statements made by Prada to induce Counterclaimant to enter into agreement(s) for the acquisition, management, development, and generating of profit from the Disputed Properties.

69.     Upon information and belief, and based upon Counterclaimant's ascertainments of representations made by Prada, Prada made false and fraudulent representations to Counterclaimant regarding, without limitation, her: (a) expertise in real estate; (b) experience in generating profits through short-term leasing of properties via Airbnb, VRBO, and similar property rental mechanisms; and (c) successes in real estate investments.

70.     Counterclaimant was fraudulently induced into entering into agreement(s) for the acquisition, management, development, and generating of profit from the Disputed Properties, including, without limitation, Prada's representations regarding her: (a) expertise in real estate; (b) experience in generating profits through short-term leasing of properties via Airbnb, VRBO, and similar property rental mechanisms; and (c) successes in real estate investments.

71.     Upon information and belief, and based upon Counterclaimant's ascertainments of representations made by Prada, Prada knew that her representations to Counterclaimant regarding,

without limitation, her: (a) expertise in real estate; (b) experience in generating profits through short-term leasing of properties via Airbnb, VRBO, and similar property rental mechanisms; and (c) successes in real estate investments, were false.

72.    Upon information and belief, and based upon Counterclaimant's ascertainments of representations made by Prada, Prada's true motive, purpose and intent of these false and fraudulent representations was to induce Counterclaimant into expending hundreds of thousands of dollars for acquisition of the Disputed Properties, to wrongfully seize control of the Disputed Properties and the equity therein, to wrongfully seize control of monies, incomes and/or revenues generated from Disputed Properties, and injure Counterclaimant's reputation and business.

73.    The full extent of the information, documents, and facts are peculiarly within the knowledge of Prada and not readily ascertainable by Counterclaimant.

74.    Prada's fraudulent representations and inducements, as alleged herein, have damaged Counterclaimant in an amount to be proven at trial.

75.    Prada is guilty of oppression, fraud or malice, express or implied, and Counterclaimant is therefore entitled to recover punitive damages for such conduct.

76.    Counterclaimant has, by reason of the foregoing, been required to utilize the services of an attorney and is entitled to recover his reasonable attorney's fees and costs from Prada.

## SEVENTH COUNTERCLAIM FOR RELIEF

### (Violations of NRS 645.0005 et seq.)

77.    Counterclaimant repeats, realleges, and incorporates by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

78.    At material times relevant to this action, Prada represented herself and acted in the capacity of a real estate salesperson as defined by NRS 645.040.

79.    Prada's actions as alleged herein violated her obligations and duties as defined under NRS 645.252, NRS 645.253, and/or NRS 645.254, and the regulatory provisions adopted thereunder.

80.     Prada's actions as alleged herein in violation of NRS 645.252, NRS 645.253, and/or NRS 645.254, and the regulatory provisions adopted thereunder, have damaged Counterclaimant in an amount to be proven at trial.

81.     Counterclaimant is entitled to recover damages against Prada for her violations of NRS 645.252, NRS 645.253, and/or NRS 645.254, and the regulatory provisions adopted thereunder, pursuant to NRS 645.257 and other operation of law.

82.     Prada is guilty of oppression, fraud or malice, express or implied, and Counterclaimant is therefore entitled to recover punitive damages for such conduct.

83.     Counterclaimant has, by reason of the foregoing, been required to utilize the services of an attorney and is entitled to recover his reasonable attorney's fees and costs from Prada.

## EIGHTH COUNTERCLAIM FOR RELIEF

### (Judicial Dissolution of Business Relationships)

84.     Counterclaimant repeats, realleges, and incorporates by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

85.     The relationship between Prada and Counterclaimant constitutes a divisible with business relationships regard to the acquisition, management, development, and generation of profit from the Disputed Properties.

86.     The business relationships between Prada and Counterclaimant are subject to the provisions of the TIC Agreements and/or other operation of Nevada law.

87.     Counterclaimant is entitled to a judicial order of dissolving the business relationships between Prada and Counterclaimant.

## NINTH COUNTERCLAIM FOR RELIEF

### (Accounting)

88.     Counterclaimant repeats, realleges, and incorporates by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

14868-01/2730247.docx

89.     Counterclaimant had the right to expect trust and confidence in the integrity and fidelity of Prada with regard to the acquisition, management, development, and generation of profit from the Disputed Properties.

90.     Counterclaimant is entitled to a full accounting of all funds and monies related to the Disputed Properties and the business relationships between Prada and Counterclaimant, that are, and have been, in the control of Prada, and for a full accounting of all operations of Prada related to Disputed Properties and the business relationships between Prada and Counterclaimant.

### NINTH COUNTERCLAIM FOR RELIEF

### (Declaratory Relief)

91.     Counterclaimant repeats, realleges, and incorporates by reference the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

92.     An actual case or controversy exists between Counterclaimant, on the one hand, and Prada, on the other hand, in regard to the Disputed Properties and business relationships between Prada and Counterclaimant.

93.     Pursuant to 28 U.S.C. § 2201, *et seq.*, Counterclaimant is entitled to a declaratory judgment partitioning and dissolving the business interests of Counterclaimant and Prada related to the Disputed Properties.

94.     Pursuant to 28 U.S.C. § 2201, *et seq.*, Counterclaimant is entitled to a declaratory judgment dissolving the business relationships between Prada and Counterclaimant.

95.     Pursuant to 28 U.S.C. § 2201, *et seq.*, Counterclaimant is entitled to a declaratory judgment judicially allocating the assets and liabilities of the business relationships between Prada and Counterclaimant.

96.     Pursuant to 28 U.S.C. § 2201, *et seq.*, Counterclaimant is entitled to a declaratory judgment specifically enforcing the terms and conditions of each of the TIC Agreements.

### VI.     PRAYER FOR RELIEF

Wherefore, Counterclaimant prays for entry of judgment and relief as follows:

1.     For an award of actual and compensatory damages against Prada in an amount to be proven at trial, according to proof.

2.     For an award of special damages against Prada in an amount to be proven at trial, according to proof.

3.     Pursuant to 28 U.S.C. § 2201, *et seq.*, for the entry of a declaratory judgment in favor of Counterclaimant: (a) dissolving the business interests of Counterclaimant and Prada related to the Disputed Properties; (b) dissolving the business relationships between Prada and Counterclaimant; (c) judicially allocating the assets and liabilities of the business relationships between Prada and Counterclaimant; and (d) specifically enforcing the terms and conditions of each of the TIC Agreements.

4.     For an award in favor of Counterclaimant for his reasonable attorneys' fees and costs incurred in this action, by contract and other operation of law.

5.     For an award in favor of Counterclaimant for prejudgment and post-judgment interest.

6.     For an award in favor of Counterclaimant for such other and further relief as this Court deems just and proper.

DATED this 31st day of March, 2022.

**HOLLEY DRIGGS LTD.**

          */s/ James D. Boyle*
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Defendant and Counterclaimant*
  *Hernan Gonzalez*

1

## **CERTIFICATE OF SERVICE**

2

Pursuant to FRCP 5(b), I certify that on the 31st day of March, 2022, I caused the document

3

entitled **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT; AND**

4

**COUNTERCLAIMS**, to be served as follows:

5

6

| Attorneys of Record | Parties Represented | Method of Service |
|---|---|---|
| Robert A. Ryan, Esq.<br>KNIGHT & RYAN<br>2850 Horizon Ridge Pkwy., Suite 200<br>Henderon, Nevada 89052<br>Email: robert@knightryan.com | Plaintiff and Counter-Defendant Ivette Araujo Prada | ☐   Personal Service<br>■   Email/E-File<br>☐   Fax Service<br>☐   Mail Service |

7

8

9

10

11

       */s/ Kathy MacElwain*

12

An employee of Holley Driggs Ltd.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14868-01/2730247.docx