KNIGHT & RYAN
Robert A. Ryan, Esq. #12084
robert@knightryan.com
8880 W. Sunset Rd., Ste. 130
Las Vegas, Nevada 89148
Telephone: (702) 462-6083
Facsimile: (702) 462-6084
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IVETTE ARAUJO PRADA, individually;<br><br>Plaintiff,<br><br>vs.<br><br>HERNAN GONZALEZ, individually; Does I-X, and Roe Business Entities I-X;<br><br>Defendants.<br><hr>HERNAN GONZALEZ, individually,<br><br>Counterclaimant,<br><br>vs.<br><br>IVETTE ARAUJO PRADA, individually,<br><br>Counterdefendant. | Case No.:   2:22-cv-00502-CDS-NJK<br><br>**STIPULATION AND ORDER REGARDING MANAGEMENT OF INCOME FROM CERTAIN PROPERTIES** |

Pursuant to LR IA 6-1, LR IA 6-2, and LR II 7-1, Plaintiff/Counterdefendant, Ivette Araujo Prada ("Ms. Prada"), and Defendant/ Counterclaimant, Hernan Gonzalez ("Mr. Gonzalez"), by and through their undersigned counsel of record, hereby make this limited stipulation and agreement (the "Stipulation") as follows:

1.    This action involves, in part, disputes regarding certain real properties having contested ownership interests asserted by and between Ms. Prada and Mr. Gonzalez.

. . .

2.     Two of the disputed properties are located at: 909 Cashman Drive, Las Vegas, Nevada 89107 (APN # 13-32-403-008) (the "Cashman Property") and another located at: 1990 Catalpa Trail, Las Vegas, Nevada 89108 (APN # 139-19-710-020) (the "Catalpa Property"). (ECF No. 1-1.)

3.     The Cashman Property and the Catalpa Property presently serve as rental properties. The Cashman Property has a long-term tenant in place, while the Catalpa Property is used as a short-term rental and listed for rent through Airbnb.

4.     Prior to removal to this Court, Ms. Prada filed a Motion for Appointment of a Receiver before the state court, in which she sought appointment of a receiver to manage the income and expenses of the Cashman Property and the Catalpa Property. (ECF No. 1-5.)

5.     On March 22, 2022, counsel for Ms. Prada and Mr. Gonzalez met and conferred concerning Ms. Prada's intention to refile the Motion for Appointment of a Receiver before this Court. Said meet and confer occurred pursuant to LR II 7-4(a)(3), as Ms. Prada intended to re-file her Motion for Appointment of a Receiver as an Emergency Motion.



6.     During the meet and confer, and to avoid the expense of litigating Ms. Prada's request for the appointment of a receiver to manage the Cashman Property and the Catulpa Property during the course of this action, the parties have agreed to deposit all income derived from the Cashman Property and the Catalpa Property, into a joint account, which would be used solely to cover valid and demonstrable expenses associated with the management and operation of the Cashman Property and the Catalpa Property, during the pendency of this action.

7.     Prior to this dispute, the parties held a joint account at Bank of America identified as Account # XXXX XXXX 3880 (the "Joint Account").

8.     As such, the parties agree that, during the duration of this action, unless otherwise ordered by this Court, the parties shall place all income, of whatever kind, in any way derived from the Cashman Property and the Catalpa Property, into the Joint Account. The Parties further agree

that the Joint Account will be stripped of any and all automatic charges/withdrawals other than those for expenses related to the Cashman Property and the Catalpa Property for: (1) mortgage; (2) utilities; (3) insurance; and (4) HOA fees. Mr. Gonzalez, as the manager, shall ensure that all non-authorized charges are removed. Ms. Prada shall work with Mr. Gonzalez to remove any monthly, recurring, or personal charges, including any charges from stamps.com and Expedian.

9.     The parties further agree that they shall use this income solely to pay all expenses for the Cashman Property and the Catalpa Property, including, without limitation, the mortgage for both properties, the utilities for both properties, the maintenance for both properties, management fees associated with both properties, and all other normal and ordinary expenses associated with the Cashman Property and the Catalpa Property. The parties agree that Mr. Gonzalez shall serve as manager of the Cashman Property and the Catalpa Property and shall be entitled to receive a management fee equal to 20% of the gross rental revenues received by the Cashman Property and the Catalpa Property each month (the "Management Fee"). However, Ms. Prada shall be entitled to reasonable access to monthly statements and/or reports for all necessary accounts to verify the actual income received, including, without limitation, access to regular statements from the Airbnb account and any other short term rental accounts used for or associated with the Catalpa Property. Mr. Gonzalez shall provide these statements to Ms. Prada through counsel. Other than as set forth herein for the Management Fee to Mr. Gonzalez, neither Mr. Gonzalez nor Ms. Prada shall make any withdrawal, payment, distribution, or other debit against the Joint Account for personal expenses or uses. Any withdrawal, payment, distribution, or other debit against the Joint Account made by either Mr. Gonzalez or Ms. Prada, including for payment of any and all expenses, shall be demonstrably validated by a vendor statement, invoice, mortgage ticket, or other verifiable expense receipt prior to effectuating any such withdrawal, payment, distribution, or other debit against the Joint Account.

. . .

10.     In the event any single expense associated with the Cashman Property, or the Catalpa Property exceeds $5,000.00 in one month, the parties must jointly agree to pay such expense before such expense shall be paid from the Joint Account. If the parties cannot agree on any such expense, either party may seek leave of Court prior to paying such expense from the Joint Account and/or either party may pay such expense out of his or her own personal funds and seek leave of Court for reimbursement for such expense from the Joint Account.

11.     Other than as set forth in paragraphs 9 and 10, neither Mr. Gonzalez nor Ms. Prada shall be entitled to withdraw any further sums from the Joint Account during the pendency of this action, unless otherwise ordered by the Court.

12.     In or about December of 2021, Mr. Gonzalez drew down a joint home equity line of credit secured by the Cashman Property in the amount of approximately $42,000.00. Mr. Gonzalez agrees to repay the full amount of this home equity line of credit within ten (10) days of notice of entry of this Stipulation and Order. Additionally, the parties agree that neither party shall have any right to withdraw any sums from this home equity line of credit during the pendency of this action without the prior consent of this Court.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

13.     The parties agree that the representations and agreements set forth in this Stipulation are made for purposes of this Stipulation only, and shall have no evidentiary, estoppel, declaratory, or other procedural import to the litigation of this action beyond the scope and application of this Stipulation. Additionally, neither Ms. Prada nor Mr. Gonzalez waives any rights with respect to seek recovery of any income taken or expense covered for either the Cashman Property or the Catalpa Property at any time prior to or after entry of this Stipulation. All parties specifically reserve all rights.



Dated this 12th day of May 2022.

KNIGHT & RYAN

By:  /s/ Robert A. Ryan
Robert A. Ryan, Esq.
Nevada Bar No. 12084
8880 W. Sunset Rd., Suite 130
Las Vegas, Nevada 89148

*Attorneys for Plaintiff/Counterdefendant,*
*Ivette Araujo Prada*


Dated this 12th day of May 2022.

HOLLEY DRIGGS LTD.

By:  /s/ James D. Boyle
James D. Boyle, Esq.
Nevada Bar No. 8384
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Defendant/Counterclaimant,*
*Hernan Gonzalez*

**IT IS SO ORDERED.**

DATED THIS 13th day of May, 2022.

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE